UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DR. MARCO BITETTO,

         **Plaintiff,**

 vs.               1:18-CV-969
                    (MAD/DJS)
MR. LAWRENCE E. KAHN,

          **Defendant.**
_____

APPEARANCES:        OF COUNSEL:

MARCO BITETTO
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

 On August 13, 2018, Plaintiff commenced this action by filing a one-page complaint. *See*

Dkt. No. 1. In its entirety, Plaintiff's complaint reads as follows:

> Recently Judge D'agostino [sic] issued a close order on my patent litigation case with extreme prejudice. Therefore, I am bringing a law suite [sic] in federal court for "Blocking Justice with extreme prejudice."
>
> I believe that judges should be made accountable for their rulings and as such I have the full legal right to bring this law suit.
>
> Remember the Christian Book of Judges. In this book a woman continually cried "Justice" to the judges. One day a judge told the other judges to give the woman whatever she wanted and just get rid of her for good.
>
> I am like that woman. I will open a new this case [sic] repeatedly until I win it.

*Id.*

In an August 17, 2018 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court dismiss Plaintiff's complaint for failing to set forth a short, plain statement of the case and because any claim Plaintiff is attempting to assert would be barred by absolute judicial immunity. *See* Dkt. No. 6 at 4-5. Additionally, Magistrate Judge Stewart detailed Plaintiff's extensive history of filing vexatious and frivolous actions in the Northern District. *See id.* at 6-10. Based on this history, Magistrate Judge Stewart directed that a copy of the Report-Recommendation and Order be forwarded to Chief Judge Suddaby and recommended that an order be entered pursuant to 28 U.S.C. § 1651(a) limiting Plaintiff's ability to initiate further litigation in this District. *See id.* at 9-10.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should dismiss the complaint with prejudice. Plaintiff's complaint names Senior District Judge Lawrence E. Kahn as the only named Defendant, but appears to take issue with the outcome of a case to which Judge Kahn was not the presiding judge. Magistrate Judge Stewart correctly determined that, despite Plaintiff's *pro se* status, the dismissal should be with prejudice because judges enjoy absolute immunity from suit for actions taken in the performance of their judicial duties. *See Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed with prejudice; and the Court further

3

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 7, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge